**K&L GATES LLP**
10100 Santa Monica Blvd, 8th Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Eugene C. Ryu (SBN 209104)
gene.ryu@klgates.com
Vannie Zohrabians (SBN 324274)
vannie.zohrabians@klgates.com

Attorneys for Defendant LABORATORY
CORPORATION OF AMERICA HOLDINGS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE GRIEGO<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LABORATORY CORPORATION OF AMERICA HOLDINGS, DBA LABCORP and DOES 1 to 20, inclusive,<br><br>　　　　Defendants. | Case No. 3:24-cv-4520<br><br>**LABORATORY CORPORATION OF AMERICA HOLDINGS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>[Sonoma County Superior Court, Case No. 24CV03716] |

319409296.1

**LABORATORY CORPORATION OF AMERICA HOLDINGS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Laboratory Corporation of America Holdings ("Labcorp" or "Defendant") hereby removes the above-entitled action from the Superior Court of the State of California, County of Sonoma (the "State Court Action"), to the United States District Court for the Northern District of California. This Court has diversity jurisdiction over Plaintiff Denise Griego's ("Plaintiff") lawsuit pursuant to 28 U.S.C. § 1332 because there is complete diversity between Defendant and Plaintiff and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## I.   BACKGROUND AND PLEADINGS

1.   On June 24, 2024 Plaintiff filed her complaint against Defendant in the State Court Action, Case No. 24CV03716 (the "Complaint").

2.   A true and correct copy of the Complaint filed in the State Court Action is attached hereto as **Exhibit 1**. A true and correct copy of the Summons filed in the State Court Action is attached hereto as **Exhibit 2**. A true and correct copy of the Civil Case Cover Sheet filed in the State Court Action is attached hereto as **Exhibit 3**. A true and correct copy of the Notice of Case Assignment filed in the State Court Action is attached hereto as **Exhibit 4**. A true and correct copy of the Proof of Service on Defendant filed in the State Court Action is attached hereto as **Exhibit 5**. These materials comprise "all process, pleadings, and orders served" upon Defendant in the State Court Action. *See* 28 U.S.C. § 1446(a).

3.   The State Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction), and is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.

## II.   CITIZENSHIP OF THE PARTIES

### A.   Plaintiff is a Citizen of California

4.   To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state. *Kantor v. Wellesley*

319409296.1

2

*Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  In the Complaint, Plaintiff alleges she performed services for Defendant in the County of Sonoma, State of California.  (Complaint ¶ 1).  Defendant alleges that at the time the State Court Action was filed and at the time of filing of this Notice, Plaintiff was, and still is, a natural person domiciled and residing in the State of California and a citizen of the State of California.

**B.      Defendant is Not a Citizen of California**

5.      Defendant is not a citizen of California.  For diversity purposes, a corporation is deemed to be a citizen of the state in which it has been incorporated and the state where it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).

6.      Defendant is a corporation organized under the laws of Delaware under the name "Laboratory Corporation of America Holdings."  Defendant was at the time the State Court Action was filed, and still is at the time of the filing of this Notice, a duly formed Delaware corporation in good standing.  Thus, Defendant is a citizen of Delaware based upon its place of incorporation.

7.      The "'principal place of business' refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities," i.e., the corporation's "nerve center."  *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010).  The relevant considerations under the "nerve center" test include the following: (a) where the directors and stockholders meet; (b) where the executives live and have their offices; (c) where the administrative and financial offices are located and the records kept; (d) where the corporate income tax return is filed; (e) where the "home office" is located; and (f) where day-to-day control of the business is exercised.  *See Unger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D. Cal. 1964).  At the time the State Court Action was filed and at the time of filing of this Notice, Defendant's corporate headquarters and principal place of business was, and still is, in North Carolina.  Defendant's executives direct, control and coordinate the corporation's activities from Defendant's headquarters in North Carolina.  Thus, Defendant is a citizen of North Carolina, based upon its principal place of business.

8.      Plaintiff is a citizen of California, and Defendant is not a citizen of California. Therefore, diversity of citizenship exists between Plaintiff and Defendant.

319409296.1

3

**LABORATORY CORPORATION OF AMERICA HOLDINGS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**

**C.      The Citizenship of Doe Defendants Must Be Disregarded**

9.      Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants is disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of Doe defendants 1 through 20, inclusive, does not deprive this Court of jurisdiction.

**III.      AMOUNT IN CONTROVERSY**

10.      This action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Accordingly, this Court has original jurisdiction under 28 U.S.C. § 1332(a).

11.      "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014).  Defendant is not obligated to "research, state, and prove the plaintiff's claims for damages."  *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).  Defendant can establish the amount in controversy through the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum.  *Singer*, 116 F.3d at 377; *Conrad Assoc.*, 994 F. Supp. at 1198.  In other words, the district court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is in controversy.  *Id.*  Defendant need only show that there is "a reasonable probability that the stakes exceed" $75,000.  *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005).  Defendant need not provide this Court with "proof" or "evidence" that Plaintiff actually will recover more than $75,000; rather, removal is proper as long as the amount in controversy can be met.  *See Brill*, 427 F.3d at 448-49.

12.      The amount in controversy for purposes of diversity jurisdiction is the total "amount at stake in the underlying litigation."  *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005).  "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."  *Lewis v. Verizon Commc'n, Inc.*, 627 F.3d

319409296.1

4

395, 400 (9th Cir. 2010) (emphasis added). "In assessing the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (citations omitted). The ultimate inquiry is what amount is put "in controversy" by the Complaint, not what the defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

13. Plaintiff's Complaint alleges claims for: (1) equal pay violation (Labor Code § 1197.5, 210); (2) meal period violation (Labor Code §§ 512, 226.7, 558 IWC Wage Order 9); (3) overtime violation (Labor Code §§ 510, 558, 1194, 1198, IWC Wage Order 9); (4) failure to timely pay wages (Labor Code §§ 204, 210, 201, 202, 203, 221, 558); (5) inaccurate wage statements (Labor Code §§ 226, 226.3); (6) violation of Private Attorney General Act (Labor Code §2698, *et seq.*); (7) Unfair Business Practices (Bus. & Prof. Code § 17200, *et seq.*); (8) discrimination on the basis of a protected characteristic (Gov. Code §§ 1940(a), 12926(o), 12945.2(k)); (9) failure to prevent discrimination (Gov. Code § 12940(k)); (10) interference with and denial of medical leave (Gov. Code § 12945.2(a) and (q)); (11) failure to accommodate disability (Gov. Code § 12940(m)(1)); (12) failure to engage in the interactive process (Gov. Code § 12940(n)); (13) whistleblower retaliation and retaliation for exercise of rights (Gov. Code §§ 12940, 12945.2, Labor Code §§ 98.6, 1102.5, 1197.5); (14) intentional infliction of emotional distress. (*See generally* Complaint). Assuming that Plaintiff is successful on all claims, the amount in controversy requirement is met.

14. Plaintiff seeks general, special and compensatory damages, including loss of earnings and benefits; punitive damages; prejudgment and post judgment interest at the legal rate; penalties; and reasonable attorney fees and costs. (*See generally* Complaint and Prayer for Relief).

15. **Section 1102.5 Civil Penalty.** Labor Code section 1102.5 provides "[i]n addition to other penalties, an employer that is a corporation or limited liability company is liable for a civil penalty not exceeding ten thousand dollars ($10,000) for each violation of this section." Plaintiff alleges several violations of Labor Code section 1102.5, including the following alleged acts of retaliation for engaging in protected activity: (1) Plaintiff was denied relief from the legal violations

319409296.1

**LABORATORY CORPORATION OF AMERICA HOLDINGS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**

she raised; (2) Defendant retaliated against Plaintiff by "withholding her bonus and refusing to pay her for wrongful charges," (3) Defendant refused to consider Plaintiff for a new position, (4) Defendant denied Plaintiff medical leave to care for her own health, (5) Defendant failed to offer accommodations for Plaintiff's own health condition. (*See* Complaint ¶ 96). Assuming Plaintiff can prove each allegation, she would be entitled to $50,000 in penalties against Defendant. Cal. Lab. Code § 1102.5(f).

16. **California Labor Code § 226**. Labor Code § 226(e) provides that where an employer fails to provide accurate wage statements, the employee is entitled to recover actual damages or $50 for the first pay period in which a violation occurs and $100 for each subsequent pay period, subject to an aggregate penalty of up to $4,000, plus costs and reasonable attorney's fees. As such, if Plaintiff is successful on her Labor Code § 226 claim, she would be entitled to a maximum of $4,000 individually.

17. **Emotional Distress Damages**. Plaintiff also seeks emotional distress damages. (*See generally* Complaint). A prevailing plaintiff in a discrimination action is entitled to seek damages for emotional distress. *See Gantt v. Sentry Insurance*, 1 Cal. 4th 1083, 1098-1101 (1992) (overruled on other grounds by *Green v. Ralee Eng'g Co.*, 19 Cal. 4th 66, 90 (1998)). The emotional distress component of Plaintiff's alleged damages must be considered in determining whether the amount in controversy requirement has been established. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). A defendant may use damage awards in other cases to establish that the amount in controversy exceeds $75,000. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002). Juries in California have awarded well in excess of $75,000 for emotional distress damages in discrimination cases where adverse action is alleged. *See, e.g., Bradley v. Department of Corrections & Rehabilitation*, 158 Cal. App. 4th 1612, 1618 (2008) (awarding a single plaintiff $300,000 in non-economic damages for harassment claim); *Roby v. McKesson*, 47 Cal. 4th 686, 699 (2009) (awarding a single plaintiff $1,600,000 in non-economic damages for three separate counts of wrongful termination (later reduced by stipulation to $800,000), as well as an additional $600,000 in non-economic damages for harassment); *Hoeper v. City & Cty. of San Francisco*, 2020 WL 740478, at *6 (Cal. Ct. App. Feb. 13, 2020) (Award of

319409296.1

6

**LABORATORY CORPORATION OF AMERICA HOLDINGS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**

$1,291,409 for emotional distress, mental anguish and humiliation damages in whistleblower action under Section 1102.5); *Briley v. City of W. Covina*, 66 Cal. App. 5th 119 (2021) (jury awarded $500,000 in economic damages, $2 million in past economic damages, and $1.5 million in future non-economic damages in a Section 1102.5 case; court of appeals recommended reduction of jury award to $1 million for past economic damages and $100,000 for future economic damages). Thus, if Plaintiff can prove her claims at trial, it is reasonable to conclude that she will seek, and a jury may award, in excess of $75,000 for emotional distress damages alone.

18. **Punitive Damages.** Plaintiff also seeks punitive damages. (*See generally* Complaint). "It is well established that punitive damages are part of the amount in controversy in a civil action." *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). "To establish probable punitive damages, defendant may introduce evidence of jury verdicts in cases involving analogous facts." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) ("The fact that the cited cases involve distinguishable facts is not dispositive . . ."). Juries have awarded punitive damages well above the jurisdictional amount in discrimination and wrongful termination cases. *See Mathews v. Happy Valley Conference Ctr., Inc.*, 43 Cal. App. 5th 236, 268 (2019) (award of $500,000 in punitive damages for violation of Section 1102.5); *Joseph-Mitchell v. SEIU Local 721*, 2020 WL 89826, at *33 (Cal. Ct. App. Jan. 8, 2020), *reh'g denied* (Jan. 27, 2020) (Jury award of $6.1 million in punitive damages for whistleblower retaliation, disability discrimination, medical leave discrimination, wrongful termination in violation of public policy reduced to $4,264,005.09 by Court of Appeals); *Ruemmler v. Commerce Sec. Bank*, 2001 WL 1444255, at *17 (Cal. Ct. App. Nov. 14, 2001), *as modified on denial of reh'g* (Dec. 14, 2001) ($2,000,000 jury verdict for punitive damages reduced to $500,000 in a whistleblower wrongful termination action, affirmed by the Court of Appeals).

19. **Attorneys' Fees**. Plaintiff also demands attorneys' fees. (*See* Complaint). Attorneys' fees may be awarded to a prevailing plaintiff in a Fair Employment and Housing Act ("FEHA") action. *See* Cal. Gov't Code § 12965(b); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (where attorneys' fees are allowed by statute, they are considered as part of the amount in controversy calculation); *see also Silo v. CHW Med. Found.*, 27 Cal. 4th 1097,

319409296.1

7

1102 (2002)("jury found that defendants unlawfully discriminated against Silo based on his religious beliefs and practices in violation of the FEHA and that they terminated his employment in violation of public policy. . . The jury awarded Silo $6,305 in economic damages and $1 in noneconomic damages. The court subsequently awarded Silo $ 155,245.75 in attorney fees pursuant to Code of Civil Procedure section 1021.5.").

The calculation includes all attorney's fees likely to be incurred through trial of an action. *See Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles Fritsch to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy. Therefore, the district court's conclusion that, as a matter of law, the amount in controversy included only the $150,000 in attorneys' fees incurred up to the time of removal and could not include any future fees, was incorrect."). One court in the Central District of California has opined that a reasonable rate for an attorney would be at least $300 and a reasonable number of hours would be at least 100–300 hours. *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *1 (C.D. Cal. Mar. 3, 2015). Those assumptions would lead to an attorney's fee award of between $30,000 and $90,000. *Id.* If Plaintiff litigated this case through trial and prevailed, it is reasonable to assume that the recovery of fees itself would exceed $75,000.

20. Based on the totality of Plaintiff's claims and prayer for relief, which includes her claims for economic and non-economic damages, punitive damages, as well as attorneys' fees and costs, the amount in controversy significantly exceeds $75,000. Therefore, removal is appropriate.

IV.    **REMOVAL PROCEDURES**

21.    **Federal Court Jurisdiction.** The United States District Court for the Northern District of California has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the action is between citizens of different states.

22.    **The Removal Venue Is Proper.** Removal is properly made to the United States District Court for the Northern District of California under 28 U.S.C. § 1441(b), because the

Superior Court of the State of California, County of Sonoma, where the State Court Action is currently pending, is within the Northern District of California.

23. **The Removal Is Timely.** Plaintiff served his Complaint on Defendant on June 26, 2024. Pursuant to 28 U.S.C. § 1446(b) and Federal Rules of Civil Procedure 6 and 81(c), Defendant has timely filed this Notice of Removal within 30 days of service of the Complaint.

24. **Defendant Has Sufficient Consent**. Defendant is not required to investigate the identity of the unnamed defendants nor to obtain their consent for removal. *See* 28 U.S.C. § 1441(a); *Necombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). In any event, no Doe defendants have been served. Defendant is not required to obtain consent to remove from defendants who have not been served. *See Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984), superseded by statute on other grounds as stated in *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988). Therefore, Defendant has sufficient consent to remove the State Court Action.

25. **Service of Notice of Removal.** Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the County of Sonoma, and serve a copy on Plaintiff, as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant respectfully requests removal of the State Court Action from the Superior Court of the State of California, County of Sonoma, to the United States District Court for the Northern District of California.

K&L GATES LLP

Dated: July 26, 2024

By:  */s/ Vanuhi Zohrabians*
Eugene C. Ryu
Vannie Zohrabians

Attorneys for Defendant LABORATORY CORPORATION OF AMERICA HOLDINGS

319409296.1

9

LABORATORY CORPORATION OF AMERICA HOLDINGS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446