1  LEO R. BARTOLOTTA, ESQ., SBN 186860
2  MAGDALENA R. McQUILLA, ESQ., SBN 307578
   GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, P.C.
3  90 South E Street, Suite 300
   Santa Rosa, California  95404
4  Telephone:  (707) 545-1660
   Facsimile:  (707) 545-1876

5  Attorneys for Plaintiff
   DENISE GRIEGO

6

7

**ELECTRONICALLY FILED**
**Superior Court of California**
**County of Sonoma**
**6/24/2024 9:47 AM**
**By: Ryan Carle, Deputy Clerk**

8          SUPERIOR COURT OF CALIFORNIA

9               COUNTY OF SONOMA

10

11  DENISE GRIEGO,                          CASE NO.:  24CV03716

12         Plaintiff,                       *Unlimited Civil*

13     v.                                   **COMPLAINT FOR DAMAGES:**

14  LABORATORY CORPORATION OF               **1. Equal Pay Violations** (L.C. §§ 1197.5, 210)
    AMERICA HOLDINGS, DBA LABCORP and       **2. Meal Period Violations** (L.C. §§ 512, 226.7,
15  DOES 1 to 20, inclusive,                558, IWC Wage Order 9)
                                            **3.  Overtime Violations** (L.C. §§ 510, 558,
16         Defendants.                      1194, 1198, IWC Wage Order 9)
                                            **4. Failure to Timely Pay Wages** (L.C. §§ 204,
17                                          210, 201, 202, 203, 221, 558)
                                            **5.  Inaccurate Wage Statements** (L.C. §226,
18                                          226.3)
                                            **6.  Violation of the Private Attorneys**
19                                          **General Act** (Labor Code §§ 2698, et seq.)
                                            **7. Unfair Business Practices** (Bus. & Prof.
20                                          Code §§ 17200, et seq.)
                                            **8. Discrimination on the Basis of Protected**
21                                          **Characteristics** (Gov. Code § 12940(a),
                                            12926(o), 12945.2(k))
22                                          **9. Failure to Prevent Discrimination** (Gov.
                                            Code §12940(k))
23                                          **10. Interference with and Denial of Medical**
                                            **Leave** (Gov. Code § 12945.2(a)&(q))
24                                          **11. Failure to Accommodate Disability** (Gov.
                                            Code §12940(m)(1))
25                                          **12. Failure to Engage in the Interactive**
                                            **Process** (Gov. Code §12940(n))
26                                          **13. Whistleblower Retaliation and**
                                            **Retaliation for Exercise of Rights** (Gov. Code
27                                          §§ 12940(h)&(m)(2), 12945.2(l), Labor Code
                                            §§ 98.6, 1102.5, 1197.5(k))
28                                          **14. Intentional Infliction of Emotional**
                                            **Distress**

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

1      Plaintiff DENISE GRIEGO complains against Defendant LABORATORY

2  CORPORATION OF AMERICA HOLDINGS, dba LABCORP; and DOES 1-20, and each of

3  them, and alleges for causes of action as follows:

4  **JURISDICTION AND VENUE**

5      1.    This court has jurisdiction over this action and the defendants pursuant to California

6  Code of Civil Procedure § 410.10 and on the basis that this is a civil action wherein the matter in

7  controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court, and

8  Defendants, during times relevant to this action, conducted substantial, systematic, and continuous

9  commercial or other activities in the state of California.

10      2.    Venue is proper in this judicial district pursuant to California Code of Civil

11  Procedure §§ 395(a) and 395.5, as acts and omissions which are the subject of this Complaint

12  primarily occurred in the County of Sonoma, State of California. Each of the defendants exists

13  and/or does business under the laws of the State of California, with substantial contacts and

14  engagements in Sonoma County and/or a significant place of business there. During the time

15  period relevant to this Complaint, each of the defendants either resided, owned property,

16  maintained an office, transacted business, engaged in financial operations, and/or maintained an

17  agent or agents within the County of Sonoma, and/or was otherwise found within the County of

18  Sonoma, and each of the defendants is within the jurisdiction of this Court for process.

19  **PARTIES**

20      3.    Plaintiff DENISE GRIEGO is a female woman who was, during times relevant to

21  this Complaint, employed by Defendant LABORATORY CORPORATION OF AMERICA

22  HOLDINGS, DBA LABCORP ("LABCORP") to perform services for a wage, primarily in the

23  County of Sonoma, State of California.

24      4.    Plaintiff is informed and believes, and on such information and belief alleges, that

25  LABCORP is, and at all times relevant herein was, duly authorized to do business through the State

26  of California, including but not limited to in the County of Sonoma, where LABCORP maintains a

27  place of business, and where Plaintiff performed work for LABCORP during the relevant time

28  period. During the time period relevant to this Complaint, LABCORP employed Plaintiff and

LAW OFFICES OF
**GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.**

1  exercised control over her wages, hours, and working conditions.

2    5.    The true names or capacities, whether individual, corporate, associate, or otherwise

3  of defendants DOES 1 through 20 are unknown to Plaintiff, who therefore sues said defendants by

4  such fictitious names.  Plaintiff will amend this Complaint to show their true names and capacities

5  when the same have been ascertained.  Plaintiff is informed and believes and hereon alleges that

6  each of the defendants designated herein as a Doe is legally responsible in some manner for the

7  events and happenings herein referred to.  Plaintiff is informed and believes and thereon alleges,

8  that defendants, and each of them, were agents or employees of each other, and/or assisted in, took

9  part in, or were otherwise responsible for causing the occurrence of the matters alleged in this

10  complaint, including, but not limited to, as joint employers.  LABCORP and DOES 1-20 may be

11  collectively referred to in this Complaint as "Defendants."

12    6.    Plaintiff is informed and believes, and on that basis alleges, that at all material times

13  herein, Defendants were continuously an "employer" within the meaning of California's Labor

14  Code and Fair Employment and Housing Act, and other relevant laws, and whether individually or

15  through the acts of its authorized agents, employed and exercised control over the wages, hours,

16  and working conditions of its employees, including Plaintiff.

## GENERAL ALLEGATIONS

18    7.    Plaintiff was hired in August 2021 as a service representative, responsible for courier

19  services to and from medical laboratories in and around Sonoma County, on behalf of LABCORP.

20  She is an experienced courier, with years of experience in the medical field.

21    8.    During the hiring process Plaintiff worked with a LABCORP "recruiter" who was

22  employed by LABCORP to manage the hiring process.  As part of that process, Plaintiff sought to

23  discuss and negotiate her wages, and was informed that such negotiations could only happen upon

24  hire, with her supervisor.  She informed the recruiter that she did not want to change jobs unless her

25  wage rate was the same as her old job, and was assured that she could discuss her wages with her

26  supervisor upon hire.  But when she was hired, and immediately sought to discuss her wages with

27  her supervisor, said supervisor told Plaintiff that she had no ability to negotiate her wage rate, and

28  the rate could only be discussed during the hiring process.  As such, Plaintiff was hired at a rate

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

1  significantly lower than her prior position, and not reflective of her previous experience or skill.

2       9.    During the hiring process Plaintiff was never asked for a resume or a comprehensive

3  list of prior work experience. She was only instructed to answer particular questions drafted by

4  LABCORP, and she was not informed that her pay rate would be dependent on her total years of

5  past experience. Her later efforts to provide additional information about past work experience

6  were rebuffed by her supervisors and LABCORP's human resources officials, who stated that they

7  could not consider such information outside of the official recruiter-led hiring process.

8       10.    After Plaintiff was hired, additional service representatives were hired in her

9  Sonoma County LABCORP hub to perform the same duties as Plaintiff. But those co-workers, all

10  males with less relevant work experience and less seniority than Plaintiff, were hired at

11  significantly higher wage rates than Plaintiff, receiving wages of approximately $3-$5 greater per

12  hour than Plaintiff.

13       11.    When Plaintiff requested that her wages be adjusted to be commensurate with her

14  male co-workers, who were in the same position as Plaintiff and performing substantially similar

15  work with the same responsibilities, her supervisors stated that they had no power to adjust her

16  wages. When Plaintiff thereafter discussed the issue with representatives from LABCORP's human

17  resources department in 2023, they denied her request. Those human resources agents claimed that

18  the wages were based on differences in prior relevant work experience, but continued to deny

19  Plaintiff commensurate and equal wages even after she provided information about her own

20  additional relevant prior work experience that had not been included in her application. Further,

21  Defendants and their agents applied LABCORP's own prior-experience evaluation standards

22  unequally between Plaintiff and her later-hired male co-workers, even based on the information in

23  Plaintiff's original application.

24       12.    Instead of granting Plaintiff a wage adjustment to ensure payment of equal wages,

25  Defendants eventually provided her with a minimal raise of less than one dollar, causing the wage

26  inequity issue to persist during the entirety of Plaintiff's work with LABCORP, up to and including

27  currently.

28       13.    As a result of Defendants' actions in willfully paying her unequal wages and

LAW OFFICES OF
**GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.**

1  refusing to correct or cure their obviously unlawful practices, Plaintiff has been further harmed in

2  that she was also denied the full benefit of later raises, including merit and cost-of-living wage

3  increases, which were based on a percentage of her artificially-low, unlawful wage rate.

4      14.    Defendants also engage in unlawful practices and policies of setting courier pickup

5  and drop-off schedules and quotas that preclude service representatives from taking full,

6  uninterrupted meal breaks.  Plaintiff regularly works shifts scheduled by Defendants that are

7  designed to make it impossible for a service representative to complete pickups and/or deliveries in

8  the time allotted while also taking a full and uninterrupted meal break.  Plaintiff has complained

9  and notified various supervisors of these difficulties, but the shift scheduling and the volume of

10 stops per shift does not change.  Plaintiff must often choose whether to take her meal break or fail

11 to comply with the critical responsibilities of her position.

12     15.    Plaintiff is not the only service representative to experience difficulties with taking

13 meal breaks.  In fact, this has been a widespread and systemic issue for years.  Defendants are fully

14 aware of these issues from past similar claims from other employees in Plaintiff's position, yet have

15 willfully refused to adjust their pickup and delivery schedules or volume of stops for each service

16 representative shift to ensure that time is available for the aggrieved employees to both take meal

17 breaks and also complete their assigned work task, which often involve strict pickup and drop-off

18 schedules to conform with medical urgencies.

19     16.    When Plaintiff has sought to discuss the scheduling issue and her inability to take

20 full meal breaks her concerns have been met with indifference and she has been told to just "find a

21 way" to make sure she always clocks out for the full meal period.  No effort has been made to

22 relieve the scheduling pressure or analyze the ways that the courier scheduling practices preclude

23 full meal breaks for the service representatives.  As such, Plaintiff and other similarly-aggrieved

24 employees have been forced to simply clock out for their meal breaks even when those meal

25 periods are incomplete or not actually taken, to please their supervisors and avoid being written up

26 for not clocking out.  This has resulted in inaccurate pay records and the accumulation of overtime

27 for which the affected employees have not been paid.

28     17.    Plaintiff is married, and her wife has a disabling medical condition, Parkinsons.

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

1  Plaintiff is her wife's primary caregiver, and sole current breadwinner in the family. Every penny

2  counts to Plaintiff. As such, it was quite troubling to her when she noticed in fall of 2023 that she

3  had been doubly charged for her health insurance premiums during one or more pay periods. When

4  she sought to bring this issue to the attention to company higherups, they ignored the concern, and

5  failed to even respond to her about the status of her missing funds.

6      18.    Adding to the issues at work, in February 2024 Plaintiff's doctor recommended that

7  she take a brief medical leave, to care for her own serious and disabling mental health condition.

8  Despite LABCORP's general practice of granting Plaintiff leaves to attend to her wife's medical

9  conditions, and despite Plaintiff providing a note from her doctor recommending the brief leave, her

10  request for leave was denied. Instead of allowing Plaintiff to take a brief leave to help her mental

11  health, she was instead mocked by the official in charge of granting leaves, who dismissively and

12  cruelly told Plaintiff that "everyone has stress." Nor did that official discuss any other sorts of

13  accommodations that could be made available to Plaintiff.

14      19.    Due to Plaintiff's wife's health and the strain on their finances, Plaintiff was forced

15  to sell their home and relocate to Oakland. She was transferred to a different hub, but continued to

16  be a service representative. However, she noticed that a job was open at the laboratory itself, and

17  her supervisor encouraged her to apply, especially since Plaintiff has laboratory experience. She

18  visited the lab and was given a tour and told to apply right away, which she did that night. But she

19  was never contacted by any LABCORP recruiter to discuss the position, and later learned that the

20  position had been filled. The position was filled by an employee with obvious Asian heritage, and

21  all employees in the lab appeared to be Asian, whereas Plaintiff, despite actually having some

22  Chinese heritage, appears fully Caucasian.

23      20.    In addition to their persistent refusal to resolve the double health insurance payment

24  or correct her Equal Pay issues, and refusal to grant her leave, and refusal to consider her for a new

25  position, Plaintiff was also frivolously denied a nondiscretionary bonus after Plaintiff referred a

26  friend who became a LABCORP employee. It was known and acknowledged during and after his

27  hiring process that Plaintiff had referred him, and her supervisor sought to ensure that she would

28  receive the bonus, and her friend sought to ensure the same. But the Defendants, via their agents,

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

1  refused to grant the bonus, claiming that each of the various employees had failed to follow the

2  proper procedures, despite all parties believing they had in fact followed the proper procedures to

3  ensure that Plaintiff would receive her bonus.

4      21.    This collection of events has occurred in the midst of Plaintiff dealing with

5  Defendants' persistent and willful refusal to adjust Plaintiff's obviously-unequal pay, and her

6  ongoing efforts to communicate with Defendants about the issue through legal channels, as well as

7  Plaintiff's continued need to take leaves to care for her wife.  Defendants' subsequent adverse

8  actions are apparently motivated by retaliation for Plaintiff's efforts to exercise her rights and/or to

9  alert company officials with the power to correct legal violations of the existence of legal violations

10 including Equal Pay violations or are made with discriminatory animus over Plaintiff's various

11 protected statuses.

12          **EXHUASTION OF ADMINISTRATIVE REMEDIES**

13      22.    On June 20, 2024, complaints were filed on behalf of Plaintiff with the California

14 Civil Rights Department ("CRD") against Defendants pursuant to the California Fair Employment

15 Housing Act ("FEHA") – Government Code §12900 et seq. – alleging that the acts described in the

16 complaints violated FEHA. The CRD issued Plaintiff a "right-to-sue" letter that same day, attached

17 hereto as Exhibit A.

18
19          **FIRST CAUSE OF ACTION**
           **Equal Pay Discrimination on the Basis of Sex**
           **California Labor Code §§ 1197.5, 210**
20     **(Against Defendant LABCORP and Does 1-25, Inclusive)**

21      23.    Plaintiff re-alleges and incorporates by reference all of the foregoing paragraphs, as

22 if set forth fully herein.

23      24.    Throughout the entirety of her employment as a service representative lab courier

24 with Defendants, Ms. Griego has been paid less than her male peers performing the same work,

25 even when they have less seniority with LABCORP and less relevant work experience, in violation

26 of Labor Code section 1197.5.

27      25.    The difference in pay between LABCORP's male and female employees is not due

28 to seniority, merit, or any other bona fide factor such as education, training, or experience.

LAW OFFICES OF
**GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.**

1    LabCorp's hiring and wage-setting policies and practices, including its inadequate new-hire

2    procedures and its willful failure to update pay scales for existing employees when new employees

3    are hired, do not ensure wage parity, and in fact ensure that the Defendants' unlawful pay

4    discrepancies remain in place and become further entrenched over time.  These policies and

5    practices are inconsistent with any business necessity and clearly violate California's Equal Pay

6    laws.

7         26.    Upon information and belief, Plaintiff alleges that the Defendants' Equal Pay

8    violations affect numerous female employees in addition to Plaintiff who are damaged and

9    aggrieved, on a continuing basis, by said unlawful practices and policies.

10        27.    Defendants' conduct was willful, in that they knew that their actions violated the

11   Equal Pay Act, and/or showed reckless disregard for Plaintiff's statutorily-protected rights even

12   after she brought it to the notice of officials with the power to correct the obvious violations.

13        28.    As a direct and proximate result of Defendant's unlawful discriminatory conduct in

14   violation of the Equal Pay Act, Plaintiff has suffered, and continues to suffer, harm for which she is

15   entitled to an award of monetary damages, liquidated damages, prejudgment interest, attorney's

16   fees, costs, penalties, and other relief, including emotional distress damages and punitive damages.

17

18                        **SECOND CAUSE OF ACTION**
                          **Meal Period Violations**
19      **California Labor Code §§ 226.7, 512, 558, IWC Wage Order 9**
              **(Against Defendant LABCORP and Does 1-25, Inclusive)**

20        29.    Plaintiff re-alleges and incorporates by reference all of the foregoing paragraphs, as

21   if set forth fully herein.

22        30.    At all times relevant to this Complaint, Plaintiff was an employee of Defendants and

23   covered by the protections of the Labor Code and all applicable IWC Wage Orders, particularly

24   Wage Order No. 9.  Consistent with that wage order, Labor Code sections 226.7 and 512 state that

25   employers must provide all non-exempt employees with full, uninterrupted thirty-minute meal

26   break for every five (5) hours of work performed.

27        31.    Instead, Defendants systematically denied Plaintiff and similarly-aggrieved

28   employees the opportunity to take timely, complete, uninterrupted meal periods, and failed to

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

1   compensate employees with premium pay for each violation. LABCORP's courier schedules and

2   quotas did not allow Ms. Griego or similarly-situated employees to both take Labor Code-

3   compliant meal periods and also fulfill their job duties transporting medically-sensitive materials in

4   a timely manner. Despite actual or constructive knowledge of this ongoing systemic issue, the

5   Defendants did nothing to ensure that LABCORP's service representative couriers were actually

6   afforded the opportunity to take legally-compliant meal periods.

7       32.    Upon information and belief, Plaintiff alleges that the Defendants' meal period

8   violations affect numerous aggrieved employees in addition to Plaintiff who are damaged and

9   aggrieved by said unlawful practices and policies.

10      33.    As a direct and proximate result of Defendants' unlawful conduct in denying her and

11  other aggrieved employees compliant meal breaks, Plaintiff has suffered, and continues to suffer,

12  harm for which she is entitled to an award of monetary damages, liquidated damages, prejudgment

13  interest, attorney's fees, costs, penalties, and other relief, including emotional distress damages and

14  punitive damages.

15

16                      **THIRD CAUSE OF ACTION**
                              **Overtime Violations**
17        **California Labor Code §§ 510, 558, 1194, 1198, IWC Wage Order 9**
                 **(Against Defendant LABCORP and Does 1-25, Inclusive)**

18      34.    Plaintiff re-alleges and incorporates by reference all of the foregoing paragraphs, as

19  if set forth fully herein.

20      35.    At all times relevant to this Complaint, Plaintiff was an employee of Defendants and

21  covered by the protections of the Labor Code and all applicable IWC Wage Orders, particularly

22  Wage Order No. 9. Defendants were required to compensate their non-exempt employees with

23  wages for all hours worked and overtime wages for all hours worked in excess of eight (8) hours in

24  a day or forty (40) hours in a workweek, pursuant to the mandates of Labor Code sections 510,

25  1194, and 1198.

26      36.    However, as a pattern and practice, Defendants routinely required employees to

27  work through their meal periods and thereby work more than eight hours per shift without proper

28  premium pay compensation. Even in circumstances that plainly did not allow for full and

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

- 9 -
COMPLAINT

1  compliant meal periods, Plaintiff and other aggrieved employees were instructed to simply "find a

2  way" to clock out for meal periods, whether such meal periods actually taken or not.  In actuality,

3  many employees were unable to stop working to take a meal break, because to do so would have

4  made them late to their next appointments, potentially affecting the timely delivery of medical

5  materials involving the serious medical interests of LABCORP's clients, but clocked out anyway

6  since the Defendants refused to remedy the issue of the impossibility of full meal periods.

7      37.    Full meal periods were, on a regular basis, inaccurately deducted from the

8  calculation of Plaintiff's and other aggrieved employees' total hours worked, resulting in a

9  miscalculation of total hours worked and failures to account for overtime hours worked.  This

10  miscalculation of the employees' time led to a failure to pay the legally required and earned

11  premium pay.

12      38.    As a direct and proximate result of Defendants' unlawful conduct in denying

13  Plaintiff and other aggrieved employees overtime compensation for time actually worked over eight

14  hours in a shift, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an

15  award of monetary damages, liquidated damages, prejudgment interest, attorney's fees, costs,

16  penalties, and other relief, including emotional distress damages and punitive damages.

17
                          **FOURTH CAUSE OF ACTION**
18                        **Failure to Timely Pay Wages Owed**
        **California Labor Code §§ 201, 202, 203, 204, 210, 221, 558**
19          **(Against Defendant LABCORP and Does 1-25, Inclusive)**

20      39.    Plaintiff re-alleges and incorporates by reference all of the foregoing paragraphs, as

21  if set forth fully herein.

22      40.    At all times relevant to this Complaint, Plaintiff was an employee of Defendant and

23  covered by the protections of the Labor Code.

24      41.    Labor Code section 204 mandates that all wages are owed and due and must be paid

25  on a semi-monthly and regular basis.  Plaintiff and other aggrieved employees, by virtue of

26  Defendants' Equal Pay, meal period, and overtime violations detailed in the preceding paragraphs,

27  were regularly and systematically denied payment of all wages owed when they were due.  Plaintiff

28  was also, in addition to the aforementioned violations, denied timely payment of wages owed when

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

1    her earned and nondiscretionary referral bonus was not paid to her.

2        42.    Labor Code sections 201 and 202 entitles employees to immediate payment of all

3    wages due within seventy-two (72) hours of voluntary or involuntary cessation of employment, and

4    Labor Code section 203 penalizes employers who fail to timely pay wages upon an employee's

5    termination.  On information and belief, Plaintiff alleges that the Defendants' failures to timely pay

6    wages as alleged above persisted until and beyond such time as aggrieved and affected employees

7    quit or were fired or otherwise separated from employment with Defendants, resulting in failures to

8    pay wages at separation and incurring liability on behalf of Defendants for waiting time penalties

9    under Labor Code section 203.

10       43.    Further, Labor Code section 221 makes it unlawful for "any employer to collect or

11   receive from an employee any part of wages theretofore paid by said employer to said employee."

12   By overcharging Plaintiff, and on information and belief other aggrieved employees, for healthcare

13   insurance premiums and/or other deductions beyond authorized amounts, Defendants unlawfully

14   withheld wages from these aggrieved employees, including Plaintiff.  Even after Plaintiff inquired

15   and requested explanation and refunds of all wrongfully-deducted amounts, Defendants refused to

16   return the wrongfully-retained funds.

17       44.    As a direct and proximate result of Defendants' unlawful conduct in failing to pay

18   Plaintiff and other aggrieved employees all wages owed when due, as alleged herein, Plaintiff has

19   suffered, and continues to suffer, harm for which she is entitled to an award of monetary damages,

20   liquidated damages, prejudgment interest, attorney's fees, costs, penalties, and other relief,

21   including emotional distress damages and punitive damages.

## FIFTH CAUSE OF ACTION
### Inaccurate Wage Statements and Records
### California Labor Code §§ 226, 226.3
### (Against Defendant LABCORP and Does 1-25, Inclusive)

25       45.    Plaintiff re-alleges and incorporates by reference all of the foregoing paragraphs, as

26   if set forth fully herein.

27       46.    Labor Code section 226 requires that all employers, at the time that wages are paid,

28   provide to each employee accurate, itemized statements in writing showing specific information,

LAW OFFICES OF
**GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.**

1    including the gross wages earned, rates of pay, and total hours worked, and maintain related

2    records.

3        47.    As a result of the various Labor Code violations alleged herein, including Equal Pay

4    violations, overtime violation, meal break violations, failures to pay appliable premium wages,

5    failures to timely pay earned wages, and unlawful retention of paid wages, Defendants failed to

6    maintain accurate records of hours worked, rates of pay, and wages earned, including premium pay

7    for overtime or meal break violations, and failed in their obligation to provide Plaintiff and other

8    aggrieved employees with accurate wage statements reflecting the same.  The inaccurate statements

9    and records complained of herein were not caused by occasional inadvertent clerical mistakes, but

10   were the result of Defendants' deliberate and pervasive operational policies and practices.

11       48.    Plaintiff and similarly aggrieved employees have been injured within the meaning of

12   Labor Code § 226 because the hours worked on LABCORP's wage statements are incomplete and

13   inaccurate, the statements fail to include applicable premium wages for overtime and meal break

14   penalties, fail to include proper wage rates, did not include Plaintiff's earned bonus, and wrongfully

15   withhold wages via inapplicable and inaccurate wage deductions, unauthorized by employees.

16       49.    As a direct and proximate result of Defendants' knowing and intentional failures to

17   provide Plaintiff and other aggrieved employees with accurate, itemized wage statements, as

18   alleged herein, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an

19   award of monetary damages, liquidated damages, prejudgment interest, attorney's fees, costs,

20   penalties, and other relief, including emotional distress damages and punitive damages.

**SIXTH CAUSE OF ACTION**
**For Violation of the Private Attorneys General Act of 2004**
**California Labor Code §2698, *et seq.***
**(Against Defendant LABCORP and Does 1-25, Inclusive)**

24       50.    Plaintiff re-alleges and incorporates by reference all of the foregoing paragraphs, as

25   if set forth fully herein.

26       51.    The Private Attorneys General Act ("PAGA") expressly establishes that any

27   provision of the California Labor Code which provides for a Civil Penalty to be assessed and

28   collected by the Labor and Workforce Development Agency ("LWDA"), or any of its departments,

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

1  divisions, commissions, boards, agencies, or employees, may be recovered through a civil action

2  brought by an aggrieved employee on behalf of herself and other current or former employees.

3      52.      Plaintiff, an employee of Defendant LABCORP, is an aggrieved employee who has

4  suffered one or more Labor Code violation within the applicable statutory period, and who has

5  standing to bring a PAGA action on behalf of herself and similarly-situated aggrieved employees

6  for Defendants' violations of the California Labor Code.  Plaintiff brings this cause of action on a

7  representative basis on behalf of the State of California.

8      53.      Plaintiff has satisfied all prerequisites under Labor Code §2699.3 to serve as a

9  PAGA representative to enforce California's labor laws, including, without limitation, Labor Code

10  sections 1197.5, 512, 226.7, 1194, 1198, 510, 226, 226.3, 1174, 201, 202, 203, 204, 221, and 558,

11  by properly mailing her Written Notice of Violations, attached hereto as Exhibit B, to the LWDA

12  and LABCORP.  Since the LWDA took no steps within the requisite time period to intervene, and

13  because Defendant LABCORP took no action to cure the allegations set forth above, Plaintiff is

14  entitled, as a representative of the people of the State of California and all similarly-situated

15  aggrieved employees, to claim from Defendants any and all penalties otherwise capable of being

16  collected by the Labor Commission and/or the DLSE.

17      54.      Plaintiff is informed and believes that Defendants have violated and continue to

18  violate various provisions of the Labor Code as set forth above and herein, and that hundreds or

19  more similarly-situated aggrieved employees have experienced the same or similar Labor Code

20  violations as those herein complained of.  As such, Plaintiff hereby demands all applicable civil

21  penalties for the Labor Code violations alleged in this Complaint, as well as statutory attorneys'

22  fees and costs.

### SEVENTH CAUSE OF ACTION
**For Unfair Business Practices**
**California Bus. & Prof. Code §17200, *et seq*.**
**(Against Defendant LABCORP and Does 1-25, Inclusive)**

26      55.      Plaintiff re-alleges and incorporates by reference all of the foregoing paragraphs, as

27  though fully set forth herein.

28      56.      The California Business and Professions Code §17200, *et seq*. prohibits acts of

LAW OFFICES OF
**GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.**

unfair competition, including any "unlawful and unfair business practices." It is California's policy to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect those employers who comply with the law from losing competitive advantage to other employers who do not comply with labor standards and requirements.

57.    Throughout Plaintiff's employment with Defendants, Defendants acted contrary to these public policies and engaged in unlawful and/or unfair business practices in violation of the Business and Professions Code §§ 17200, *et seq.*, depriving Plaintiff and other similarly-situated and aggrieved employees of the rights, benefits, and privileges guaranteed to all employees under California law.

58.    Specifically, but without limitation, Defendants engaged in unlawful business practices by committing the above-described Labor Code violations, including failures to pay Equal Wages, failing to ensure the opportunity for employees to take full and uninterrupted meal breaks, nonpayment premiums for meal break violations, nonpayment of overtime wages, failures to furnish accurate wage statements, untimely payment of wages and unlawful retention of wages and compensation during employment and after separation, as well as the acts of retaliation and discrimination against Plaintiff as described below, all in violation of California law.

59.    By engaging in these unfair business practices, as defined within California Business and Professions Code §§ 17200, *et seq.*, Defendants reaped unfair benefits and illegal profits at the expense of Plaintiff and gained an unfair advantage over all similarly-situated California businesses which complied with the law. Defendants must disgorge these ill-gotten gains, restore to Plaintiff all wrongfully-withheld wages, and pay applicable penalties pursuant to Business and Professions Code section 17206.

60.    As a direct and proximate result of Defendant's unlawful and unfair business practices, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of restitution and injunctive relief, civil penalties, and other relief according to proof, including liquidated damages, prejudgment interest, attorney's fees, costs, emotional distress damages, and punitive damages.

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

## EIGHTH CAUSE OF ACTION
### Discrimination on the Basis of Protected Characteristics
### California Gov. Code §§ 12940(a), 12926(o), 12945.2(k)
### (Against Defendant LABCORP and Does 1-25, Inclusive)

61.    Plaintiff hereby incorporates by reference all allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

62.    At all times herein relevant to this Complaint, Plaintiff was an employee of Defendants and covered by the protections of the Fair Employment and Housing Act ("FEHA").

63.    California Government Code section 12940(a) provides that it is an unlawful employment practice for an employer to discriminate against an employee "in compensation or in terms, conditions, or privileges of employment" because of the employee's race, mental or physical disability, sex, gender, sexual orientation, or age.  Association with a person who has a protected characteristic is also protected, and disability includes being perceived as having a disability.  Cal Gov. Code § 12926(o).

64.    Plaintiff, a female, alleges that Defendants' ongoing failures to pay her Equal Pay rates are acts of discrimination on the basis of sex.

65.    Plaintiff further alleges that she was discriminated on the basis of race when LABCORP's recruiter failed to even contact her about a job she applied for in the defendant's laboratory, wherein all employees were facially Asian, whereas Plaintiff appears to be Caucasian.

66.    Plaintiff alternatively and concurrently alleges that she is a member of multiple protected classes and that any of those characteristics could have, and on information and belief did, form the basis for discriminatory animus, including her apparent race as a Caucasian, her gender as a woman, her sex as a female, her own disabling mental health condition or perceived disability, her association with her wife who suffers from disabling Parkinsons, her sexual orientation as a lesbian, her age as a person over the age of 40, or her status as a person who exercised her rights to protected family leave.

67.    Plaintiff has experienced a variety of adverse employment decisions and denial of employment privileges during times relevant to this Complaint, including wrongful retention of wages and refusal to reimburse her despite requests, denial of protected leave or accommodations

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

1  for her mental health disability, denial of an earned bonus, persistent Equal Pay violations, and

2  denial of the opportunity to be considered or hired for a new position that she was qualified for and

3  had inquired about. Plaintiff alleges that her various protected characteristics were substantial

4  motivating reasons for Defendants to take these adverse actions against Plaintiff and to deny

5  Plaintiff the full privileges of her employment and to treat her differently in the terms and

6  conditions of her employment as compared to other employees who did not share the same

7  protected characteristics as Plaintiff.

8      68.    As a direct and proximate result of Defendants' discriminatory conduct, as alleged

9  herein, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of

10  monetary damages, liquidated damages, prejudgment interest, attorney's fees, costs, penalties, and

11  other relief, including emotional distress damages and punitive damages.

12

13                        **NINTH CAUSE OF ACTION**
                          **Failure to Prevent Discrimination**
                          **California Gov. Code §§ 12940(k)**
14              **(Against Defendant LABCORP and Does 1-25, Inclusive)**

15      69.    Plaintiff hereby incorporates by reference all allegations contained in the preceding

16  paragraphs of this Complaint, as though fully set forth herein.

17      70.    At all times herein relevant to this Complaint, Plaintiff was an employee of

18  Defendants and covered by the protections of FEHA.

19      71.    California Government Code section 12940(k) makes it an unlawful employment

20  practice for an employer to "fail to take all reasonable steps to prevent discrimination and

21  harassment from occurring."

22      72.    Defendants violated this provision by, at a minimum, improperly training or

23  supervising their staff and supervisors, with the resulting consequence that those employees, among

24  other improper acts, refused to correct obviously-discriminatory pay rates, refused to consider

25  Plaintiff for a position in an all-Asian worksite, refused to grant protected leave or engage in the

26  interactive process or provide a reasonable accommodation for Plaintiff's own mental health

27  condition, and otherwise take adverse actions against Plaintiff and deny Plaintiff the full privileges

28  of her employment and treat her differently in the terms and conditions of her employment as

LAW OFFICES OF
**GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.**

1  compared to other employees who did not share the same protected characteristics as Plaintiff.

2  Plaintiff's supervisors were well-aware of Plaintiff's protected characteristics, including her sex,

3  gender, race, sexual orientation, mental health condition, associational relationship with a

4  physically disabled wife, and were aware that she had taken protected leave to care for her wife and

5  had requested time off to seek medical treatment of her own.

6      73.    Plaintiff is informed and believes and based thereon alleges that Defendants failed to

7  take reasonable steps in order to prevent discrimination in the workplace.  Defendants failed to

8  adequately train, discipline, or prevent employees from discriminating against Plaintiff, failed to

9  enforce anti-discrimination policies, and failed to ensure that Plaintiff was treated in a non-

10 discriminatory fashion in all aspects of her working life.

11     74.    As a direct and proximate result of Defendants' failure to prevent discrimination, as

12 alleged herein, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an

13 award of monetary damages, liquidated damages, prejudgment interest, attorney's fees, costs,

14 penalties, and other relief, including emotional distress damages and punitive damages.

15

16 **TENTH CAUSE OF ACTION**
**Interference with and Denial of Protected Medical Leave**
**California Gov. Code §§ 12945.2(a)&(q)**
17 **(Against Defendant LABCORP and Does 1-25, Inclusive)**

18     75.    Plaintiff hereby incorporates by reference all allegations contained in the preceding

19 paragraphs of this Complaint, as though fully set forth herein.

20     76.    At all times herein relevant to this Complaint, Plaintiff was an employee of

21 Defendants and covered by the protections of FEHA.

22     77.    Family and medical leave is protected under California law, pursuant to the

23 California Family Rights Act ("CFRA").  Under California Government code §12945.2(a), it is an

24 unlawful employment practice for an employer to refuse to grant a request by an eligible employee

25 to take "up to a total of 12 workweeks in any 12-month period for family care and medical leave."

26 It is also an unlawful practice under subsection (q) of that statute to "interfere with, restrain, or deny

27 the exercise of, or the attempt to exercise, any right provided under this section."

28     78.    Plaintiff was and remains eligible for medical leave under section 12945.2, but when

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

she requested a brief leave for her own mental health condition in approximately February 2024, it was denied by Defendants, despite Plaintiff's doctor's note. This denial interfered with and prevented her from taking the leave she was entitled to and needed, thus exacerbating her serious mental health condition and amplifying and increasing Plaintiff's distress and suffering.

79. At all relevant times, Defendants were an "employer" covered by CFRA, and were accordingly required to grant the reasonable leave requested by Plaintiff, and were likewise prohibited from interfering with Plaintiff's right to take such a protected leave. But instead of granting that leave, her condition was mocked when the official in charge of approving or denying Plaintiff's requested leave not only denied Plaintiffs request, but went on to state that "everyone has stress" thus dismissing and invalidating Plaintiff's actual, doctor-verified, and entirely reasonable mental health condition as nothing important and cruelly denying her benefits she was entitled to.

80. As a direct and proximate result of Defendants' refusal to grant Plaintiff CFRA leave for her own mental health condition, as alleged herein, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of monetary damages, liquidated damages, prejudgment interest, attorney's fees, costs, penalties, and other relief, including emotional distress damages and punitive damages.

## ELEVENTH CAUSE OF ACTION
### Failure to Accommodate Disability
### California Gov. Code §12940(m)(1)
### (Against Defendant LABCORP and Does 1-25, Inclusive)

81. Plaintiff hereby incorporates by reference all allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

82. At all times herein relevant to this Complaint, Plaintiff was an employee of Defendants and covered by the protections of FEHA.

83. California Government Code §12940(m) makes it an unlawful employment practice for an employer to "fail to make reasonable accommodation for [an employee's] known physical or mental disability."

84. Defendants had knowledge of Plaintiff's mental health medical condition and

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

disability by, at the latest, the time when she requested time off from work to care for her own

mental health condition in or about February 2024. But after denying her the leave she requested,

no accommodations were offered to ameliorate the issue, which was an actual disability that

required accommodation pursuant to Plaintiff's doctor's note.

85.    Plaintiff's request from her workplace for a reasonable accommodation, a brief

medical leave to care for her serious and disabling medical condition, was reasonable, merited, and

achievable, and in fact Defendants were required by law to make the requested accommodation in

the circumstances presented. But Defendants refused to grant Plaintiff's request for a reasonable

accommodation, or offer any other type of accommodation, in violation of section 12940(m).

86.    As a direct and proximate result of Defendants' failure to accommodate Plaintiff's

own disabling mental health condition, as alleged herein, Plaintiff has suffered, and continues to

suffer, harm for which she is entitled to an award of monetary damages, liquidated damages,

prejudgment interest, attorney's fees, costs, penalties, and other relief, including emotional distress

damages and punitive damages.

### TWELFTH CAUSE OF ACTION
### Failure to Engage in the Interactive Process
### California Gov. Code §§ 12940(n)
### (Against Defendant LABCORP and Does 1-25, Inclusive)

87.    Plaintiff hereby incorporates by reference all allegations contained in the preceding

paragraphs of this Complaint, as though fully set forth herein.

88.    At all times herein relevant to this Complaint, Plaintiff was an employee of

Defendants and covered by the protections of FEHA.

89.    California Government Code §12940(n) makes it an unlawful employment practice

for an employer to "fail to engage in a timely, good faith, interactive process with the employee…to

determine effective reasonable accommodations, if any, in response to a request for reasonable

accommodation by an employee…with a known … mental disability or known medical condition."

90.    Defendants had knowledge of Plaintiff's mental health medical condition and

disability by, at the latest, the time when she requested time off from work to care for her own

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

1   mental health condition in or about February 2024. After Defendants refused to grant this

2   reasonable and achievable accommodation request, which the law required them to grant, they

3   additionally failed to engage in any interactive process with Plaintiff to determine whether her

4   disability could be accommodated in any other way.

5        91.    Plaintiff was willing to discuss other reasonable accommodations with Defendants

6   but, in violation of section 12940(n), they did not in any way engage in conversations or other

7   interactive processes to determine whether other achievable accommodations could be provided.

8   Defendants had no interest in accommodating Plaintiff, and left her to suffer through the demands

9   of her work with no accommodation at all. Defendants never offered or attempted to discuss any

10  accommodations to help ameliorate Plaintiff's mental health condition, which was an actual

11  disability that required accommodation pursuant to Plaintiff's doctor's note.

12       92.    As a direct and proximate result of Defendants' refusal and failure to engage in a

13  good faith, interactive process with Plaintiff, as alleged herein, Plaintiff has suffered, and continues

14  to suffer, harm for which she is entitled to an award of monetary damages, liquidated damages,

15  prejudgment interest, attorney's fees, costs, penalties, and other relief, including emotional distress

16  damages and punitive damages.

17

18                **THIRTEENTH CAUSE OF ACTION**
     **Whistleblower Retaliation and Retaliation for Exercise of Rights**

19  **Government Code §12940(h)&(m)(2) and §12945.2(l); Labor Code §§ 98.6, 1102.5, 1197.5(k)**
     **(Against Defendant LABCORP and Does 1-25, Inclusive)**

20       93.    Plaintiff hereby incorporates by reference all allegations contained in the preceding

21  paragraphs of this Complaint, as though fully set forth herein.

22       94.    At all times herein relevant to this Complaint, Plaintiff was an employee of

23  Defendants and covered by the protections of FEHA and the Labor Code.

24       95.    During times relevant to this Complaint, Plaintiff engaged in protected activity,

25  including bringing legal violations of the Labor Code and FEHA to the attention of officials and

26  company higherups with the power to fix said legal violations, protected acts under Government

27  Code sections 12940(h) and Labor Code sections 1102.5, 98.6, and 1197.5(k). Plaintiff also sought

28  to exercise her rights to seek medical leave and disability accommodations, protected acts under

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

1    Government Code sections 12940(m)(2) and 12945.2(l).

2    96.    But in addition to denying Plaintiff any relief from the issues that she raised,

3    Defendants have now begun to retaliate against Plaintiff by withholding her bonus and refusing to

4    repay her for wrongful charges, refusing to consider her for a new position at work, and denying her

5    medical leave to take care of her own health condition or offering any related accommodation.

6    97.    As a direct and proximate result of Defendant's unlawful retaliatory conduct,

7    Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of

8    monetary damages, liquidated damages, prejudgment interest, attorney's fees, costs, penalties, and

9    other relief, including emotional distress damages and punitive damages.

10

11    **FOURTEENTH CAUSE OF ACTION**
**Intentional Infliction of Emotional Distress**
**(Against Defendant LABCORP and Does 1-25, Inclusive)**

12

13    98.    Plaintiff hereby re-alleges and incorporates by reference each and every allegation

14    contained in the preceding paragraphs of this complaint, as though fully set forth herein.

15    99.    Defendants, by their acts herein alleged, have engaged in extreme and outrageous

16    conduct with the intention of causing, or reckless disregard of the probability of causing, emotional

17    distress to Plaintiff.  These Defendants, and each of them, acted in concert with one another and as

18    each other's agents and as joint employers of Plaintiff, in order to engage in these acts and to cause

19    the resulting harm to Plaintiff.

20    100.    Defendants repeatedly, insistently, and belligerently have refused to correct their

21    obvious Equal Pay violations, and have discriminated against and retaliated against Plaintiff, and, in

22    addition to other willful violations of Plaintiff's employee rights, denied Plaintiff's requested

23    medical leave so she could care for her own mental health struggles, which were already

24    exacerbated and caused by Defendants' actions, thereby compounding the stress and suffering

25    Plaintiff experiences at work.  Defendants acted without regard to Plaintiff's mental and emotional

26    health, and treated her in a deplorable manner, constituting extreme and outrageous conduct.

27    101.    Defendants' illegal, discriminatory, retaliatory, and abusive actions towards Plaintiff

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

throughout her employment constitute extreme and outrageous misconduct and caused Plaintiff severe emotional distress. Defendants were aware that treating Plaintiff in the manner alleged above subjected her to extreme stress, shame, feelings of worthlessness, and sadness, as well as exacerbating her already high risk of mental stress.

102.    As a direct and proximate result of Defendant's extreme and outrageous conduct, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of monetary damages, liquidated damages, prejudgment interest, attorney's fees, costs, penalties, and other relief, including emotional distress damages and punitive damages.

## PUNITIVE DAMAGES [CIV. CODE § 3294]

103.    Plaintiff hereby re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this complaint, as though fully set forth herein.

104.    Defendants' conduct as alleged herein constitutes oppression, fraud, and/or malice under California Civil Code section 3294, entitling Plaintiff to an award of exemplary and/or punitive damages.

105.    Defendants' conduct was committed with malice within the meaning of Civil Code section 3294, in that Defendants acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by denying Plaintiff Equal Pay and then taking actions to further damage her economic interest, while at the same time taking retaliatory actions designed to make her suffer, up to and including denying her leave for a mental health condition while mocking her suffering. Moreover, Defendants' conduct was despicable and committed in willful and conscious disregard of Plaintiff's rights, health, and safety, including Plaintiff's right to be free of discrimination and retaliation, and right to be accommodated at work and granted necessary medical leaves, and right to be afforded Equal pay and compliant meal periods, all of which compound to demonstrate a callous indifference to this employee's health or wellbeing.

106.    Defendants' conduct was also fraudulent within the meaning of Civil Code section 3294, in that Defendants asserted false, pretextual grounds for denying Plaintiff Equal Pay and other employment benefits. In doing so, Defendants exhibited a deliberate disregard for Plaintiff's

LAW OFFICES OF
**GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.**

1  rights.

2      107.   Accordingly, Plaintiff is entitled to punitive damages, pursuant to California Civil

3  Code section 3294, so as to punish Defendants and deter them from similar conduct in the future.

4

5                        **PRAYER FOR RELIEF**

6      WHEREFORE, Plaintiff prays for judgment against Defendants as follows, according to

7  proof:

8      1.    General and special damages, including lost wages and emotional distress;

9      2.    All applicable penalties;

10     3.    Prejudgment interest;

11     4.    Liquidated damages;

12     5.    Punitive damages;

13     6.    Attorney's fees and costs of suit incurred in this action; and

14     7.    For such other and further relief as the Court deems proper and just.

15

16 Dated:  June 21, 2024           GEARY, SHEA, O'DONNELL, GRATTAN &
17                           MITCHELL, P.C.

18

19                      By _____

20                          LEO R. BARTOLOTTA
                         MAGDALENA R. McQUILLA
21                          Attorneys for Plaintiff
                         DENISE GRIEGO

22

23

24

25

26 LAW OFFICES OF
    GEARY,
    SHEA,
27 O'DONNELL
    GRATTAN &
28 MITCHELL
    P.C.

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

June 20, 2024

RE:    **Notice of Filing of Discrimination Complaint**
       CRD Matter Number: 202406-25173020
       Right to Sue: Griego / Laboratory Corporation of America

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

June 20, 2024

Denise Griego

,

RE:    **Notice of Case Closure and Right to Sue**
       CRD Matter Number: 202406-25173020
       Right to Sue: Griego / Laboratory Corporation of America

Dear Denise Griego:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective June 20, 2024 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Civil Rights Department

CRD - ENF 80 RS (Revised 2024/05)

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Denise Griego

CRD No. 202406-25173020

Complainant,

vs.

Laboratory Corporation of America
2710 Gateway Oaks Dr. Suite 150N
Sacramento, CA 95833

Respondents

---

**1.** Respondent **Laboratory Corporation of America** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **Denise Griego**, resides in the City of , State of .

**3.** Complainant alleges that on or about **June 20, 2024**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's sex/gender, sexual orientation, age (40 and over), association with a member of a protected class, disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies, race (includes hairstyle and hair texture) and as a result of the discrimination was denied hire or promotion, denied equal pay, denied any employment benefit or privilege, denied work opportunities or assignments, denied accommodation for a disability, denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, requested or used family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result was denied

-1-
*Complaint – CRD No. 202406-25173020*

hire or promotion, denied equal pay, denied any employment benefit or privilege, denied work opportunities or assignments, denied accommodation for a disability, denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Additional Complaint Details:** Claimant experienced equal wage violations and sought to have them corrected, and respondent refused. After claimant pressed the issue by sending a demand letter and a PAGA notice, and after she sought medical leaves to care for her sick wife, she was denied equal wages, denied a nondiscretionary bonus, denied repayment of unlawfully collected wages, denied a work opportunity she applied for, and denied a requested disability leave/accommodation. Claimant requested a brief leave for herself pursuant to a doctor's note and was denied and rebuffed and her disabling condition was mocked.

-2-

*Complaint – CRD No. 202406-25173020*

Date Filed: June 20, 2024

VERIFICATION

I, **Magdalena R. McQuilla**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On June 20, 2024, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Santa Rosa CA**

-3-
*Complaint – CRD No. 202406-25173020*

Date Filed: June 20, 2024

CRD-ENF 80 RS (Revised 2024/05)

# EXHIBIT B

LAW OFFICES OF
# GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, P.C.

Patrick G. Grattan
John F. Geary
John A. Holdredge
Leo R. Bartolotta*
Raymond J. Fullerton
Jenna H. Coffey*

Emily V. DeMeo
Magdalena R. McQuilla
Katherine C. Pond
Travis J. Ransom

April 12, 2024

Writer's email: mmquilla@gearylaw.com

*Filed Online via LWDA Website*
Labor and Workforce Development Agency
Attn: PAGA Administrator

*Via Certified Mail – Receipt # 7022 1670 0002 8300 7582*
Laboratory Corporation of America
Laboratory Corporation of America Holdings
c/o CSC Lawyers Incorporating Service
Agents for Service of Process
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

Re: Denise Griego v. LabCorp et al.

To Whom It May Concern:

This letter shall serve as notice of Labor Code violations, pursuant to Labor Code section 2699.3. Please be advised that this law firm, Geary, Shea, O'Donnell, Grattan & Mitchell, represents aggrieved employee Denise Griego, who intends to file a complaint for herself and all other aggrieved employees against her employer Laboratory Corporation of America ("LabCorp"), alleging Labor Code violations and seeking civil penalties under the Private Attorneys General Act of 2004 ("PAGA"), Labor Code sections 2698 et seq.

## Allegations of Labor Code Violations

Ms. Griego, on behalf of herself and all other current and former similarly-aggrieved LabCorp employees working in California during the statutory period, alleges that LabCorp and its agents routinely, systematically, and willfully violated and continue to violate the following Labor Code sections, all of which are actionable under PAGA:

*Certified Specialist,
Family Law
The State Bar of California
Board of Legal
Specialization

WWW.GEARYLAW.COM | 90 SOUTH E STREET • SUITE 300 • SANTA ROSA, CA 95404-6503
TEL: 707.545.1660 • FAX: 707.545.1876

4/12/2024
Page 2

### *Labor Code § 1197.5 – Pay Discrimination on the Basis of Sex*

Ms. Griego is a lab courier with many years of experience. She began her employment with LabCorp in August 2021, and she remains a lab courier with LabCorp to this day. During the entirety of her time with LabCorp, Ms. Griego has been paid less than her male coworkers in the same position and performing the same work, even when they have less seniority and less relevant past work experience. LabCorp's hiring and wage-setting policies and practices, including its mandatory recruiter procedures and its willful failure to update pay scales for existing employees when new employees are hired, do not ensure wage parity, and in fact ensure that pay discrepancies remain fixed even in the face of obvious violations of Labor Code § 1197.5. Such policies and practices are inconsistent with any business necessity and clearly violate California's Equal Pay laws.

### *Labor Code §§ 512, 226.7, IWC Wage Order 9 – Meal Period Violations*

LabCorp denied Ms. Griego and similarly-aggrieved employees the opportunity to take timely, complete, uninterrupted meal periods, and failed to compensate employees with premium pay for each violation. Specifically, the company imposed courier schedules and quotas that clearly did not allow for aggrieved employees, including Ms. Griego, to take compliant meal periods and also fulfill their courier job duties to transport medically-sensitive materials in a timely manner. Despite actual or constructive knowledge of this issue, the company did nothing to ensure that its couriers were afforded the actual opportunity to take compliant meal periods.

### *Labor Code §§ 1194, 1198, 510, IWC Wage Order 9 – Overtime Violations*

Due to the aggrieved employees' inability to take compliant meal periods, they frequently worked more than 8 hours per shift without proper premium pay compensation. Whether taken or not, lunch break periods were deducted from the calculation of the aggrieved employees' total hours worked, resulting in a miscalculation and failure to account for overtime hours worked. Because the company failed to properly calculate the employees' time, they were not paid premium pay for all overtime actually worked.

### *Labor Code §§ 226, 226.3, 1174 – Inaccurate Pay Statements and Records*

Due to the company's failure to accurately calculate or pay all overtime

4/12/2024
Page 3

actually worked or pay premium pay for all noncompliant meal periods, the aggrieved employees are also entitled to penalties for LabCorp's provision of incomplete and inaccurate pay statements and failure to keep accurate payroll records. The pay statements issued by LabCorp did not show all wages earned, total hours worked, or accurate wage rates, arising from the company's failures.

### Labor Code §§ 201, 202, 203 – Payment of All Wages at Separation

Due to LabCorp's failure to pay all wages owed as described herein, it also violated Labor Code sections 201, 202, and 203 for all aggrieved employees who have been fired or who voluntarily left their employment with the company during the applicable PAGA period. When those employees were provided with their final paychecks, the payments did not include all wages then due and owing, thus incurring waiting time penalties.

### Labor Code §558 – Underpayment of Wages

By its incessant failure to pay Equal Wages, Overtime Wages, or Meal Break Penalties, LabCorp violated multiple provisions of the Labor Code and applicable Industrial Wage Orders, thus justifying penalties pursuant to Labor Code section 558, for underpayment of wages

### Conclusion

Please be advised that the facts and claims contained herein are based on the information available at the time of this writing, and Ms. Griego reserves her right to revise or make additions to her claims based upon additional information learned through discovery and/or expert analysis, whether by amending this letter or adding applicable causes of action to her complaint and relating back to the date of this letter.

Should the Labor and Workforce Development Agency decline to investigate these alleged violations, Ms. Griego requests notice within 60 days so she may promptly file her complaint, alleging individual and PAGA claims against Laboratory Corporation of America ("LabCorp") on behalf of herself and all current and former similarly-situated aggrieved employees and the State of California. Please provide any such notice to the undersigned attorney at the following address:

4/12/2024
Page 4


Geary, Shea, O'Donnell, Grattan & Mitchell
Attn: Magdalena R. McQuilla
90 South E. Street, Suite 300
Santa Rosa, CA 95404

Tel: (707) 545-1660
Email: mmcquilla@gearylaw.com


We look forward to your response. Please contact my office if you have any questions, comments, or concerns, or to discuss this matter further.


Very truly yours,

Magdalena R. McQuilla

MRM



**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Laboratory Corporation of America
Laboratory Corporation of America Holding
c/o CSC Lawyers Incorporating Service
Agents for Service of Process
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

9590 9402 8035 2349 8935 10

2. Article Number (Transfer from service label)

7022 1670 0002 8300 7582

PS Form **3811**, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X   SHIR ZAMAN HAIDARY   ☐ Agent
                          ☑ Addressee

B. Received by (Printed Name)   CSC   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

APR 15 2024

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt