Ferry Eden Lopez (SBN 274080)
ferry.lopez@klgates.com
Ricardo E. Diaz (SBN 320503)
ricardo.diaz@klgates.com
**K&L GATES LLP**
10100 Santa Monica Blvd, 8th Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Attorneys for Defendant
LABORATORY CORPORATION OF
AMERICA HOLDINGS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE GRIEGO | Case No. 4:24-cv-04520-JSW |
| Plaintiff, | [*Assigned to Hon. Jeffrey S. White*] |
| v. | |
| LABORATORY CORPORATION OF AMERICA HOLDINGS, DBA LABCORP and DOES 1 to 20, inclusive, | **STIPULATED PROTECTIVE ORDER** |
| Defendants. | |

1605831084.1

1
STIPULATED PROTECTIVE ORDER

**IT IS HEREBY STIPULATED** by and between plaintiff, Denise Griego, and defendant, Laboratory Corporation of America Holdings, parties to *Griego v. Laboratory Corporation of America Holdings* (collectively, "the Parties"), by and through their respective counsel of record, that good cause exists for the Court to grant this Stipulation for Entry of Protective Order Regarding Confidential Documents and to issue a Protective Order ("Stipulated Protective Order"), to facilitate the exchange of information and documents that may be subject to confidentiality limitations on disclosure due to federal and state laws, including privacy rights, without improperly disclosing or divulging confidential, sensitive, private information of the Parties, or any of them, and to prevent the dissemination of constitutionally protected private information of third-party non-litigants. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 17, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; rather, Local Rule 79-5.2.2 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. The Parties stipulate as follows:

1.      In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

a.      "Proceeding" means the above-entitled proceeding *Griego v. Laboratory Corporation of America Holdings* in the United States District Court for the Northern District of California, Case No. Case No. 4:24-cv-04520-JSW.

b.      "Court" means the Honorable Jeffery S. White, or any other judge to which this Proceeding may be assigned, including Court staff participating in such

1605831084.1

2

STIPULATED PROTECTIVE ORDER

proceedings.

c.    "Confidential" means any information (regardless of how it is generated, stored, or maintained) or tangible things that are in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under Federal Rule of Civil Procedure 26(c).

d.    "Confidential Materials" means any Documents, Testimony, or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

e.    "Designating Party" means the Party that designates Documents, Testimony, or Information, as defined below, as "Confidential."

f.    "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

g.    "Documents" means (i) any "Writing," "Recording," "Photograph," "Original," and "Duplicate" as those terms are defined by Federal Rule of Evidence section 1001, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

h.    "Information" means the content of Documents or Testimony.

i.    "Receiving Party" means the Party that receives the Documents, Testimony, or Information that the Designating Party designates as "Confidential."

j.    "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

2.    The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

1605831084.1

3

3.      Any Documents, Testimony, or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

a.      For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.

b.      For Testimony given in depositions the Designating Party may either:

i.      identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;"

ii.      designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the final deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" or Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential" as instructed by the Designating Party.

c.      For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portion.

4.      The inadvertent production by any of the undersigned Parties or non-

1605831084.1

4

STIPULATED PROTECTIVE ORDER

Parties to the Proceedings of any Document, Testimony, or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony, or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the obligations of the Parties are set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

5.    Exercise of Restraint and Care in Designating Materials as Confidential. Each Party or Non-Party that designates Documents, Testimony, or Information as Confidential under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate only those parts of Documents, Testimony, or Information that qualify – so that non-Confidential portions of the Documents, Testimony, or Information are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

6.    In the event that counsel for a Receiving Party objects to the "Confidential" designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate

1605831084.1

STIPULATED PROTECTIVE ORDER

Documents, Testimony, or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony, or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony, or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony, or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

7.     Unless otherwise ordered by the court, access to and/or Disclosure of Confidential Materials shall be permitted only to the following persons:

a.     the Court, court personnel, and court reporters in this Proceeding and their staff (whether at depositions, hearings, or any other proceeding);

b.     (1) Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party; and (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

c.     those officers, directors, partners, members, employees and agents of the Receiving Party that counsel for such Party deems necessary to aid such counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Receiving Party making the Disclosure

1605831084.1

STIPULATED PROTECTIVE ORDER

shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

d.      any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

e.      any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

f.      mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

g.      any mediator or arbitrator engaged by the Parties;

h.      outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or

1605831084.1

7

STIPULATED PROTECTIVE ORDER

threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

i.    any other person that the Designating Party agrees to in writing.

8.    Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

9.    Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

10.    Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

a.    operate as an admission by any person that any particular Document, Testimony, or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

b.    prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

i.    to seek a determination by the Court of whether any particular Confidential Materials should be subject to protection under the terms of this Stipulation and Protective Order; or

ii.    to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

11.    Any Party to the Proceeding who has not executed this Stipulation and

1605831084.1

8

STIPULATED PROTECTIVE ORDER

Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

12.    Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as consent by such producing non-Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

13.    If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of such materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials and/or seek to obtain confidential treatment of such materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Confidential Materials pursuant to the Subpoena prior to the date specified for production on the Subpoena.

14.    Nothing in this Stipulation and Protective Order shall be construed to

1605831084.1

9

preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection, including the terms of any more restrictive type of protection (e.g. "attorneys' eyes only").

15. If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials the immediate attention of the Designating Party.

16. This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

17. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Material. A Party that seeks to file under seal any Confidential Material must comply with the United States District Court Northern District of California Local Rule 79-5, unless otherwise ordered by the Court. Confidential Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

18. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of any Confidential Materials.

1605831084.1

19. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

20. Upon written request made within thirty (30) days after the settlement or other  termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a  motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

21. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

22. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation

1605831084.1

STIPULATED PROTECTIVE ORDER

and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

23.     This Stipulation and Protective Order may be executed in counterparts.

K&L GATES LLP

Dated:  February 11, 2026          By:   /s/ Ferry Eden Lopez
                                         Ferry Eden Lopez
                                         Ricardo Diaz

                                         Attorneys for Defendant LABORATORY
                                         CORPORATION OF AMERICA
                                         HOLDINGS

GEARY,  SHEA,  O'DONNEL,  GRATTAN & MITCHELL, PC

Dated:  February 11, 2026          By:   /s/ Magdalena R. McQuilla
                                         Magdalena R. McQuilla
                                         Leo R. Bartolotta
                                         Attorneys for Plaintiff DENISE GRIEGO

1605831084.1

12

STIPULATED PROTECTIVE ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED:  February 11, 2026    —


United States District/~~Magistrate~~ Judge
JEFFREY S. WHITE

1605831084.1

13

STIPULATED PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ [insert formal name of the case and the number and initials assigned to it by the court]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1605831084.1

14

STIPULATED PROTECTIVE ORDER